**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHERRY L. ODOM** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| | ) | |
| **WAL-MART STORES EAST, LP** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

## I.  INTRODUCTION

1.  This is an action for legal and equitable relief to redress violations the Family Medical Leave Act codified at 29 U.S.C. §2612 ("FMLA").   The Plaintiff requests  a trial by jury of all issues triable to a jury.

## II.  JURISDICTION

2.  Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, and 29 U.S.C.§ 2612.  The Family Medical Leave Act has no prerequisites.

## III.  PARTIES

3.  Plaintiff, Sherry Odom, is a  female citizen of the United States over the age of nineteen (19) years and has at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama.

4.  Defendant, Wal-Mart Stores East, LP [hereafter "Wal-Mart"] employs more than fifty (50) people and is subject to the Family Medical Leave Act.

## V.  STATEMENT OF FACTS

5.      On September 5, 2003, Odom became employed at Wal-Mart.  She remained employed until her termination in July 2008.

6.      In 2008, Odom worked at the Springville, Alabama location of Wal-Mart.

7.      On or about March 6, 2008, Odom gave Wal-Mart her physician certified Family Medical Leave papers that she needed intermittent leave to address her son's health condition shingles and attend medical appointments with him.

8.      Odom inquired if she would need to bring a doctor's excuses and was informed that no other forms were necessary.

9.      After presenting her Family Medical Leave certification papers,  Odom was informed that she had too many absences and that she three options: 1) quit 2) be demoted to a different position 3) or be fired.

10.     Odom retained her employment but was demoted and her pay was cut to $8.42 per hour.

11.     On March 24, 2008, Odom filed a Family Medical Leave Act complaint the United States Department of Labor– Wage and Hour Division over the demotion.

12.     Although Odom filed the complaint at the end of March 2008, Wal-Mart was only notified in July 2008 about Odom's complaint.

13.     On July 16, 2008– according to U.S. Department of Labor records– Wal-Mart was faxed the Odom complaint.

14.     On July 20, 2008, Ms. Odom had a flat tire but was coming to work.  Pursuant to Wal-Mart policy, Odom phoned Cherie Darnell, an assistant manager and let he know that she would be late.   Odom arrived at approximately 7:45.

15.     Wal-Mart responded to Odom complaint to Department of Labor that although Odom

presented appropriate Family Medical Leave Act certification, Odom had unexcused absences (March 3, and 10; May 5, 11, 18 and 26) and three incomplete shifts during the same time period (May 10, 17-18).

16.     When Wal-Mart's was advised by the Department of Labor that Odom had Family Leave Act time for some of the dates in question, Wal-Mart responded that she was nevertheless due to be terminated.

17.     Once Odom's absences that are due to Family Medical Leave absences are removed from consideration, Odom's July 20th late arrival  should have resulted in a coaching or other discipline not a termination.

18.     Prior to Wal-Mart being alerted in July 2008 of Odom written complaint with the U.S. Department of Labor, Odom had  not  received counseling or discipline for absences which occurred in May 2008, however,  – after receipt of the complaint– required Odom to be terminated.

**WAL-MART Attendance/Punctuality Policy**

19.     The Wal-Mart has attendance policy which provides that an:

> **Occurrence** means any time away from scheduled work that is not approved by your Supervisor or Manager as set forth in this Policy, even if you use an income replacement benefit (such as illness protection, personal or vacation time) to offset lost work time. An absence of for three or fewer consecutive days for the same reason will count as one absence.  You may not work additional hours during the same workweek to make up for lost time unless requested by a member of Management for business reasons"

> **Incomplete shift** means beginning work 15 minutes or more after your scheduled start (tardy) or leaving 10 minutes before the end of your scheduled shift without approval of your Supervisor or Manager.  Three incomplete shifts, through any combination of beginning late and/or leaving early, will equal one absence occurrence.  Failure to complete more than 50% of scheduled shift without Management approval will be considered an absence of

occurrence, rather than an incomplete shift. "

20.     The policy further provides,

> If you have three absence occurrences in a rolling six-month period you will have the opportunity to discuss your absence occurrences with management during a personal discussion. If you have more than three absence occurrences in a rolling six-month period, you will be disciplined. If you have an active Coaching(s) for any reason upon incurring four absence occurrences you will be advanced to the next coaching level beyond your current active coaching. Thereafter, you will continue to advance to the next Coaching level for each subsequent absence occurrence.

| Absence Occurrences | Action |
|---|---|
| 4 | Verbal Coaching (on next coaching level) |
| 5 | Written Coaching (or next coaching level) |
| 6 | Decision Making Day (or next coaching level) |
| 7 | Termination |

21.     The policy further provides, "Any absence occurrence or incomplete shift that

occurred  more than six months prior to the current date will be considered inactive and will not be

used to determine discipline."

22.     According to Wal-Mart records, on October 17, 2007,  Ms. Odom had a

Decision Making day.   However, the absences associated with that decision should have dropped

off her record on or about April 17, 2008.

**VI.     COUNTS**

**COUNT I - VIOLATION OF FMLA (INTERFERENCE )**

23.     The plaintiff re-alleges and incorporates by reference paragraphs 1-22,  with

the same force and effect as if fully set out in specific detail hereinbelow.

4

24. Odom is an eligible employee under the Family Medical Leave Act

   29 U.S.C. § 2611(2)(A). Odom been employed with Defendant for at least 12 months.

25. Wal-Mart is an employer in accordance with 29 U.S.C. § 2611.

26. Wal-Mart's escalation (including termination) of Odom in their disciplinary policy

   constitutes based on Family Medical Leave approved absences constitutes interference with

   her Family Medical Leave time.

27. Wal-Mart's demotion of Odom in lieu of termination because she presented a Family

   Medical Leave certification interfered with her rights under the Family Medica Leave Act.


## COUNT II - VIOLATION OF FMLA (RETALIATION)

28. The plaintiff re-alleges and incorporates by reference paragraphs 1-22, with

   the same force and effect as if fully set out in specific detail hereinbelow.

29. Wal-Mart's termination over Odom based on her use of the covered Family Medical Leave

   Act.

30. Four days after being made aware that Odom filed a complaint with the United States

   Department of Labor, Defendant intentionally, maliciously and with reckless indifference

   severed Odom's employment. Wal-MArt was well aware of Odom's absences in May 2008

   and took no action until presented with her written complaint.

31. Additionally, when presented with Odom Family Medical Leave Act, Odom was demoted and

   received a pay cut.

## VIII. __PRAYER FOR RELIEF__

**WHEREFORE**, the Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

1.      Grant the Plaintiff a declaratory judgment holding that the actions of Defendant Wal-Mart described herein above violated and continue to violate the rights of the Plaintiff as secured by the Family Medical Leave Act.

2.      Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest, including prejudgment), punitive, liquidated, and/or nominal damages.

3.      The Plaintiff  further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully Submitted,

/s/Lee Winston
Lee Winston
Roderick T. Cooks
Attorneys for the Plaintiff

**OF COUNSEL:**

WINSTON COOKS, LLC
Two North 20th Street
Birmingham, AL. 35205
phone: (205) 502-0940

**CERTIFICATE OF SERVICE**

I certify that I have mailed by first class, postage prepaid, a copy of the foregoing on the following:


The Corporation Company
Registered Agent for Wal-Mart Stores East, LP
2000 Interstate Park Dr. Ste. 204
Montgomery, AL. 36109


This the 17th Day of November 2009

/s/ Lee Winston